UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRED TANTALO, JR.,

 Plaintiff,

v.          CASE NO.:  6:26-cv-01223-RBD-NWH

DEPUTY ANGEL BELTRAN,
DEPUTY ALFRED TINEO,
DEPUTY CRISTIAN TORRES and
DEPUTY MICHAEL SHERTOSKI,
each in their individual capacities,

 Defendants.

_____/

**UNOPPOSED MOTION FOR ENLARGEMENT OF TIME
FOR DEFENDANT BELTRAN TO RESPOND TO COMPLAINT,
AND TO SET UNIFORM DUE DATE FOR RESPONSIVE PLEADING
FOR ALL DEFENDANTS**

Defendants Angel Beltran, Alfred Tineo, Cristian Torres and Michael Shertoski, in their individual capacities, by and through undersigned counsel, and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, submit this Unopposed Motion for Enlargement of Time for Defendant Beltran to Respond to Plaintiff's Complaint, and to Set a Uniform Due Date for all Defendants to respond to the Complaint, and state:

 1. On June 3, 2026, Plaintiff Fred Tantalo, Jr. filed a Complaint asserting §1983 and state law claims against four Defendants.  (Doc. 1.)

2.      Defendant Angel Beltran was served with a 21-day summons on June 23, 2026, making his response due July 14, 2026.

3.      Defendants Alfred Tineo, Cristian Torres and Michael Shertoski have not been served.  However, after conferral with Plaintiff's counsel, undersigned counsel has agreed to accept service for these Defendants as of today's date.  Using a 21-day response time, their responses would be due on August 4, 2026.

4.      In order to streamline the process and to provide undersigned counsel with additional time to review the matter, Defendants request that the date for a responsive pleading for Beltran be extended to coincide with the deadline applicable to the other defendants such that the due date for responsive pleadings for all four of them be set to the same date – August 4, 2026.

5.      Additionally, undersigned counsel for Defendants has discussed with Plaintiff's counsel the possibility of need for amendment to the complaint and in the interim Plaintiff's counsel will review the issues raised in these discussions.

6.      This request for enlargement of time is made for good cause, in good faith, not for purposes of delay and will not prejudice the Plaintiff.  No deadlines have been set in the case,

7.      **Local Rule 3.01(g) Certification:** James Slater, Esq., counsel for Plaintiff, has been contacted regarding the relief requested in this Motion and agrees to the relief sought herein.

**WHEREFORE**, Defendant Angel Beltran requests an enlargement of time for his responsive pleading to August 4, 2026, and Defendants Beltran, Tineo, Torres, and

2

Shertoski request that the Court enter an Order setting a single date for responsive pleadings for all four Defendants to August 4, 2026.

**MEMORANDUM OF LAW**

Fed. R. Civ. Pro. 6(b)(1)(A) allows the Court for good cause to extend the time to respond to the amended complaint if the motion is made before the original time for response has expired.   Such an application for extension of time under Rule 6(b)(1)(A) "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Wright and Miller, §4B Fed. Prac. & Proc. Civ. § 1165 (4th ed).  The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline.  *Jozwiak v. Stryker Corp.*, 2010 WL 743834, at *2 (M.D.Fla.2010) (granting motion to extend to respond filed on due date of response).

Here, there is good cause to enlarge the time for a responsive pleading for Defendant Beltran and to set a uniform due date for response for all four defendants. First, defense counsel has accepted service for the other three defendants such that the due date for responsive pleadings for those defendants is August 4, 2026.   Defense counsel and counsel for the Plaintiff are agreed that setting a single due date for responsive pleadings for all four Defendants is in the interests of efficiency.  Counsel are also discussing the possibility of amending the complaint so as to avoid unnecessary motion practice.   There is no prejudice caused to any party or the Court by the granting of the motion as no deadlines have been set.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served via electronic mail to the following:  James M. Slater, Esq., *james@slater.legal*, Slater Legal PLLC, 2296 Henderson Mill Road NE, #116, Atlanta, Georgia  30345 and Darryl A. Goldberg, *dgoldberg@goldbergdefense.com*, Law Offices of Darryl A. Goldberg, 33 N. Dearborn St., Suite 1830, Chicago, Illinois 60602.

s/  *Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.:  0091197
*grant@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida  32792
Telephone:   407-673-5000
Facsimile:    321-203-4304
Attorneys for Defendants Beltran, Tineo, Torres and Shertoski

4