UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRED TANTALO, JR.,

    Plaintiff,

v.                                                          CASE NO.:  6:26-cv-01223-RBD-NWH

DEPUTY ANGEL BELTRAN,
DEPUTY ALFRED TINEO,
DEPUTY CRISTIAN TORRES and
DEPUTY MICHAEL SHEROTSKI,
each in their individual capacities,

    Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## BY DEFENDANTS

Defendants Deputy Angel Beltran, Deputy Alfred Tineo, Deputy Christian Torres and Deputy Michael Sherotski, by and through undersigned counsel, file this Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Doc. 15), and state:

## JURISDICTION AND VENUE

1.      Admitted that Plaintiff asserts claims under the United States Constitution and Florida law.  Liability of any kind is denied.

2.      Admitted.  Liability of any kind is denied.

3.      Admitted.  Liability of any kind is denied.

4.      Admitted that Plaintiff invokes supplemental jurisdiction over any state law claims.  Liability of any kind is denied.

5.     Admitted.  Liability of any kind is denied.

## PARTIES

6.     Without knowledge.

7.     Admitted that Beltran acted at all times in his discretionary authority as a law enforcement officer.

8.     Admitted that Beltran acted at all times in his discretionary authority as a law enforcement officer.

9.     Admitted that Tineo acted at all times in his discretionary authority as a law enforcement officer.

10.     Admitted that Tineo acted at all times in his discretionary authority as a law enforcement officer.

11.     Admitted that Torres acted at all times in his discretionary authority as a law enforcement officer.

12.     Admitted that Torres acted at all times in his discretionary authority as a law enforcement officer.

13.     Admitted that Sherotski acted at all times in his discretionary authority as a law enforcement officer.

14.     Admitted that Sherotski acted at all times in his discretionary authority as a law enforcement officer.

15.     Without knowledge.

16.     Denied.

## FACTUAL ALLEGATIONS

17. Without knowledge.

18. Without knowledge.

19. Without knowledge as to the actions of Mr. Tantalo and his wife. Admitted that deputies were attempting to locate a wanted person named Joel Salazar.

20. It is believed that the ATL provided an address of 1375 Tuscana Terrace, Unit 3401, as Mr. Salazar's last known address.

21. Admitted.

22. Denied as stated. Vague as to what is meant by "on scene."

23. Admitted that Unit 3401 did not exist at 1375 Tuscana Lane at the time.

24. Denied as stated.

25. Denied as stated. Vague as to what is meant by "arrived shortly after."

26. Denied. Admitted that the attached photograph appears to be of the wanted person Joel Salazar.

27. Admitted.

28. Denied as stated.

29. Denied.

30. Denied as stated.

31. Denied as stated, vague.

32. It is believed that Mr. Tantalo and his wife were inside the unit.

33. Admitted that this was one of the communications that occurred during the incident.

3

34. Without knowledge. Admitted that a male voice was heard in response to the knocking.

35. Without knowledge.

36. Admitted that it was announced that the Sheriff's Office was at the door.

37. Without knowledge. Admitted that a male voice was heard in response to the knocking.

38. Admitted that Deputy Tineo asked to speak with Mr. Salazar and a male voice responded. Otherwise, denied as stated.

39. Without knowledge. Admitted that a male voice responded to the request to speak with Mr. Salazar.

40. Admitted that Deputy Tineo asked to speak with Mr. Salazar and that a male voice responded. Otherwise, denied as stated.

41. Without knowledge. Admitted that a male voice responded.

42. Admitted that Deputy Tineo knocked on the door and waited for a response on approximately seven occasions over an approximate 5-minute time period.

43. Admitted generally, as reflected in the referenced video.

44. Without knowledge as to the state of mind of Mr. Tantalo; denied as irrelevant.

45. Without knowledge as to the state of mind of Mr. Tantalo; denied as irrelevant.

46. Without knowledge; denied as irrelevant.

4

47. Admitted that Deputy Torres knocked on the door louder than Deputy Tineo had previously knocked. Otherwise, denied as stated.

48. Without knowledge; denied as irrelevant.

49. Admitted that the door opened, then closed, then opened again, as reflected in the referenced video.

50. Admitted.

51. Admitted that the door was closed on Deputy Torres, and then opened again, as reflected in the referenced video.

52. Denied.

53. Denied.

54. Admitted that Deputy Beltran walked over toward the door.

55. Admitted that Mr. Tantalo was wearing red shorts and that the video speaks for itself.

56. Admitted that the referenced video speaks for itself.

57. Admitted that the referenced video speaks for itself.

58. Admitted that there was not a search warrant for Unit 1401.

59. Denied as stated and denied that deputies entered Unit 1401.

60. Denied as stated and denied that deputies entered Unit 1401.

61. Denied.

62. Denied.

63. Denied.

64. Denied as stated.

65. Denied.

66. Denied as stated.  Admitted that the referenced video speaks for itself.

67. Denied as stated.  Admitted that the referenced video speaks for itself.

68. Denied as stated.  Admitted that the referenced video speaks for itself.

69. Denied.  Admitted that the referenced video speaks for itself.

70. Denied.  Admitted that the referenced video speaks for itself.

71. Denied.  Admitted that the referenced video speaks for itself.

72. Admitted that Mr. Tantalo was briefly handcuffed.

73. Denied as stated.  Admitted that the referenced video speaks for itself.

74. Denied as stated.  Admitted that the referenced video speaks for itself.

75. Denied as stated.  Admitted that the referenced video speaks for itself.

76. Admitted that the referenced video speaks for itself.  Without knowledge as to the actions of Ms. Tantalo.

77. Admitted that the referenced video speaks for itself.

78. Admitted that the referenced video speaks for itself.

79. Denied as stated.  Admitted that Deputy Tineo's post-incident interview speaks for itself.

80. Denied as stated.  Admitted that the referenced video speaks for itself.

81. Admitted that the referenced video speaks for itself as the time that Mr. Tantalo was in handcuffs.

82. Admitted.

83. Without knowledge.  Admitted that Mr. Tantalo did not complain of any injury to any deputy on scene.

84. Without knowledge.  Admitted that Mr. Tantalo did not complain of any injury to any deputy on scene.

85. Admitted that there are undated photographs purporting to show "contusions" on Mr. Tantalo's person.

86. Without knowledge.

### Count I – Invasion of Privacy Under Florida Law
### (against Deputies Torres & Sherotski)

Defendants re-allege the responses to the allegations set forth in paragraphs 1 through 86 above.

87. Admitted as to the statement of the law, generally, but calls for a legal conclusion.  Legally irrelevant.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

The WHEREFORE clause is denied.

### Count II – Unlawful Entry in Violation of the Fourth Amendment
### (against Defendants Torres and Sherotski)

Defendants re-allege the responses to the allegations set forth in paragraphs 1 through 86 above.

92. Admitted.

7

93.    Admitted generally, but calls for a legal conclusion.

94.    Admitted generally, but calls for a legal conclusion.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Admitted generally, but calls for a legal conclusion.

99.    Denied.

100.    Admitted that Mr. Tantalo was briefly detained and handcuffed.

101.    Denied.

102.    Denied.

103.    Denied.

## Count III – Failure to Intervene in Violation of the Fourth Amendment
### (against Defendants Beltran & Tineo)

Defendants re-allege the responses to the allegations set forth in paragraphs 1 through 86 above.

104.    Admitted.

105.    Admitted that Defendants Beltran and Tineo were in the vicinity, otherwise denied.

106.    Admitted factually, but denied as legally irrelevant.

107.    Denied as stated.

108.    Denied.

109.    Denied.

110.   Denied.

111.   Denied as stated.

112.   Denied.

113.   Denied.

114.   Admitted this Count is for "Failure to Intervene" and not for "excessive force or detention during an unlawful entry into a residence."

115.   Denied.

116.   Admitted that Mr. Tantalo was briefly detained and handcuffed.

117.   Denied.

118.   Denied.

119.   Denied.

The WHEREFORE clause is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As to any claim for violation of Plaintiff's constitutional rights, at all times material hereto Defendants were acting within the course and scope of their discretionary authority and did not violate clearly established law such that they are entitled to qualified immunity.

### Second Affirmative Defense

As to any state law claims, at all times material hereto each of the Defendants was acting within the course and scope of their appointments as Sheriff's Deputies and did not act in bad faith, with malice, or with wanton and willful disregard of human

rights, safety or property such that they are entitled to immunity from suit under Section 768.28(9)(a), Florida Statutes.

## Third Affirmative Defense

Defendants are entitled to reasonably rely on information provided by a fellow officer under the "fellow officer rule" which allows courts to impute collective knowledge of investigating officers to each participating officer in determining the existence of reasonable suspicion and probable cause, and for qualified immunity purposes, arguable reasonable suspicion and arguable probable cause.

## Fourth Affirmative Defense

Plaintiff fails to state a claim for entitlement to exemplary or punitive damages against Defendants.

## Fifth Affirmative Defense

To the extent it is determined through discovery that Plaintiff has failed to mitigate damages, if any, his damages should be reduced accordingly.

## Sixth Affirmative Defense

Defendants are entitled to a set-off to the extent that any collateral sources have been paid, or are payable, on account of the injuries claimed in this case.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: James M. Slater, Esq., *james@slater.legal*, Slater Legal PLLC, 2296 Henderson Mill Road NE, #116, Atlanta, Georgia 30345 and Darryl A. Goldberg, *dgoldberg@goldbergdefense.com*, Law Offices of Darryl A. Goldberg, 33 N. Dearborn St., Suite 1830, Chicago, Illinois 60602.

*s/  Jeffrey K. Grant*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.:  0091197
*grant@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida  32792
Telephone:   407-673-5000
Facsimile:    321-203-4304
Attorneys for Defendants
Beltran, Tineo, Torres and Sherotski